1

**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

2

3 | 3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS

4 | docket@phillipsdayeslaw.com
TREY DAYES, No. 020805

5 | SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301

6 | Attorneys for Plaintiff

7

## UNITED STATES DISTRICT COURT

8

### DISTRICT OF ARIZONA

9

10    Arleen Uerling;

Case No.: _____

11                        Plaintiff,

**COMPLAINT**

12           vs.

13    Johnston Brothers II L.L.C., an Arizona
limited liability company; Walter Johnston

**JURY DEMAND**

14    and Jane Doe Johnston, husband and wife;
George Johnston Jr. and Jane Doe Johnston

15    II, husband and wife

16

17        Plaintiff Arleen Uerling, for her Complaint against Defendants, alleges as follows:

18                              **NATURE OF THE CASE**

19        1.    The Fair Labor Standards Act is designed to eliminate "labor conditions

20    detrimental to the maintenance of the minimum standard of living necessary for health,

21    efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals,

22    the FLSA sets minimum wage and overtime pay requirements for covered employers. *See*

23    29 U.S.C. §§ 206(a), 207(a).

24

25

---

Complaint and Demand for Jury Trial                                                    Page 1

2.      Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.      Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.      Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.      Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7.      Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9.     At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10.     At all times material hereto, Johnston Brothers II, L.L.C. was incorporated in the State of Arizona, and has its principal place of business in Maricopa County, Arizona.

11.     Upon information and belief, at all times material hereto, Defendant Walter Johnston, was and continues to be a resident of Maricopa County, Arizona.

12.     Jane Doe Johnston is Walter Johnston's wife.  Walter and Jane Doe Johnston have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13.     Upon information and belief, at all times material hereto, Defendant George Johnston Jr., was and continues to be a resident of Maricopa County, Arizona.

14.     Jane Doe Johnston II is George Johnston Jr.'s wife.  George and Jane Doe Johnston II have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

15.    Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Walter Johnston and George Johnston Jr. were and are the owners of Johnston Brothers II L.L.C.

16.    At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

17.    The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

18.    At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

19.    Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

20.    Defendants Walter Johnston and George Johnston Jr. are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with Johnston Brothers II, LLC.

21.    All Defendants are co-equally liable for all matters.

22.    Defendants Walter Johnston and George Johnston Jr. made all decisions on the daily activities of their employees and make all decisions regarding pay policies and exerted financial and operative control over Johnston Brothers II L.L.C.  and are therefore individually liable under the FLSA.

23.    Defendants Walter Johnston and George Johnston Jr. have the power to close Johnston Brothers II L.L.C.

24.    Defendants Walter Johnston and George Johnston Jr. have the power to hire and fire employees.

25.   Defendants Walter Johnston and George Johnston Jr. hired managerial employees.

26.   On information and belief, Defendants Walter Johnston and George Johnston Jr. maintained employment records.

27.   On information and belief, Defendants Walter Johnston and George Johnston Jr. dictated the corporate message in pending labor investigations.

28.   Defendants Walter Johnston and George Johnston Jr. profited from the FLSA violations detailed in this complaint.

29.   At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

30.   Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

31.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

### **FACTUAL BACKGROUND**

32.   Johnston Brothers II L.L.C. operates the Rose Terrace RV Trailer Park.

33.    The Rose Terrace RV Trailer Park is a trailer and RV community.

34.   Johnston Brothers II L.L.C. hired Plaintiff in July of 2013 as their onsite property "manager."

1

2

35.   Plaintiff's responsibilities included being the onsite liaison for all the Park's tenants. Plaintiff would collect rents and assist with any problems they may have.

3

4

36.   Plaintiff would also regularly inspect the grounds, handle requests for repairs, and tenant complaints.

5

6

7

8

37.   Plaintiff was also responsible for cleaning the property. Plaintiff was responsible to clean the bathrooms two to three times per day and was also required to clean the laundry room once a day.

9

38.   Plaintiff was also asked to perform landscaping duties for the property.

10

11

39.   To avoid having to pay Plaintiff overtime, Johnston Brothers II L.L.C. would compensate Plaintiff on a bi-weekly salary.

12

40.   Defendants misclassified Plaintiff as an exempt employee.

13

14

41.   Plaintiff was a non-exempt employee. She should have been paid an hourly rate, not salary.

15

42.   Plaintiff had no real supervision or management responsibilities.

16

17

43.   Plaintiff did not supervise any other individual.

18

44.   Plaintiff could neither hire nor fire employees.

19

20

45.   Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

21

22

46.   Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

47.   Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Johnston Brothers II L.L.C. or its' customers.

48.   Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

49.   Plaintiff did not perform work requiring advanced knowledge.

50.   Plaintiff could not formulate, affect, interpret, or implement management policies or operating practices.

51.   Plaintiff did not carry out major assignments in conducting the operations of Johnston Brothers II, L.L.C.

52.   Plaintiff did not have the authority to commit Johnston Brothers II, L.L.C. in matters that have significant financial impact.

53.   Plaintiff did not have the authority to waive or deviate from established policies and procedures without prior approval of management.

54.   During this period, Plaintiff's regular schedule was seven days per week, from 7:30 a.m. to 10:30 p.m. each and every day as was on call for 24 hours per day as she lived site.

55.   During the entire relevant period, the only day Plaintiff was not scheduled for work was March 23, 2015. Every other day from July 8, 2013 through May 1, 2015, Plaintiff was actively working and performing tasks for Defendants.

56.    Each and every week that Plaintiff has worked her regular schedule, she has worked over forty hours in a week.

57.    By improperly classifying Plaintiff as an exempt employee, Defendants are depriving Plaintiff upwards of seventy hours of overtime pay each and every week.

58.    Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

59.    Plaintiff incorporates and adopts paragraphs 1 through 58 above as if fully set forth herein.

60.    While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

61.    Plaintiff was a non-exempt employee.

62.    Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

63.    On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

64.    As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

65.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

66.   In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

67.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

68.   Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

   a.   Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

   b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

1

2

3

       d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

4

5

       e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

6

7

       f.  For such other and further relief as the Court deems just and proper.

8

## COUNT TWO
## DECLARATORY JUDGMENT

9

10

69.   Plaintiff incorporates and adopts paragraphs 1 through 67 above as if fully set forth herein.

11

12

70.   Plaintiff and Defendants have an overtime compensation dispute pending.

13

14

71.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

15

16

17

72.   Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

18

       a.  Defendants employed Plaintiff.

19

20

       b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

21

22

       c.  Plaintiff individually is covered by the overtime provisions of the FLSA.

23

       d.  Plaintiff was not an exempt employee pursuant to the FLSA.

24

25

1

2

  e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

3

  f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

4

5

6

  g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

7

8

  h. Plaintiff is entitled to an equal amount as liquidated damages.

9

10

  i. Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

11

12

13

14

  73. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

15

16

17

  74. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

18

19

  WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

20

21

22

  a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

23

24

  b. Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

25

1          c.  For such other and further relief as the Court deems just and proper

2                    **DEMAND FOR JURY TRIAL**

3          Plaintiff and all similarly situated employees hereby request that, upon trial of this

4    action, all issues be submitted to and determined by a jury except those issues expressly

5    reserved by law for determination by the Court.

6          Dated: July 2, 2015

7                                        Respectfully submitted,

8                                        **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW**
9                                        **FIRM  PC**

10                                       By: /s/ Trey Dayes
11                                            Trey Dayes
                                              Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25